# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                    )

    v.                        )        ID No. 1805010686
                                    )

SHAUN C. BINGHAM,       )
                                    )

    Defendant.        )

Date Submitted: April 17, 2020
Date Decided:    May 20, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.    On January 7, 2019, Defendant pled guilty to Robbery First Degree, Robbery Second Degree, and Attempted Robbery Second Degree.[1]  By Order dated May 10, 2019,[2] effective May 18, 2018, Defendant was sentenced as follows:  for Robbery First Degree, IN18-05-1109, 10 years at Level V Key, suspended after 5 years, for 1 year at Level IV Crest, upon successful completion at Level IV Crest, 1 year at supervision at Level III Crest Aftercare;[3] for Robbery Second Degree, IN18-05-1099, 5 years at Level V, suspended after 15 months, for 1 year at supervision

---

[1] D.I. 8.

[2] D.I. 10.

[3] The first 5 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 832.

Level III; and for Attempted Robbery Second Degree, IN18-05-1100, 5 years at Level V, suspended after 15 months, for 1 year at supervision Level III.[4]

2.     On April 17, 2020, Defendant filed the instant Motion, asking the Court to suspend his Level V sentences in IN18-05-1099 and IN18-05-1100 and allow him to begin the Crest Program at Level IV.[5]  In support of his Motion, Defendant cites to his completion of a 12-week anger management, substance abuse, and mental health program, the support of his family, and his desire to continue treating his substance abuse addiction.[6]

3.     Superior Court Criminal Rule 35 governs motions for modification of sentence.  "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[7]  The Court will not consider repetitive requests for reduction or modification of sentence.[8]

4.     Defendant filed this Motion well beyond the 90-day limit, and therefore the Motion is time-barred.  The Court will consider an application made more than

---

[4] All probation is concurrent.  Defendant's sentence also required mandatory Substance Abuse Treatment at Levels V, IV, and III.  *See* D.I. 10.

[5] D.I. 13.

[6] *Id.*

[7] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[8] Super. Ct. Crim. R. 35(b).

90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217.  Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[9]  "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[10]  Mitigating factors that could have been presented at sentence, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[11]  The Court does not find the existence of any extraordinary circumstances in connection with Defendant's Motion.

5.      In addition, this is Defendant's second request to modify his sentences under Rule 35(b), and therefore, Defendant's Motion is barred as repetitive.[12]

6.      The Court finds the Defendant's sentences are appropriate for all the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a reduction of modification of this sentence.

---

[9] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).
[10] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).
[11] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).
[12] *See* D.I. 11.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary

cc: Shaun C. Bingham (SBI# 00574490)
Dominic A. Carrera, DAG